GARDEN, JUDGE:
The claimant is the owner of an 8-acre tract of land which abuts on the Cool Spring-Mount View Road, a road which is maintained by respondent. The property is located about 8 miles south of Morgantown and is used by the claimant for gardening and pasture land. During January and February, 1977, approximately 1200 feet of claimant’s fence were damaged as the result of snow plowing to remove the heavy accumulation of snow on Cool Spring-Mount View Road along which the 1200 feet of fence ran. The fence was of woven wire with a single strand of barbed wire on the top, and the fence posts were spaced about 10 feet apart. The claimant did not indicate that the fence had been struck by any snow plowing equipment, but he was of the opinion that the tremendous volume of snow, with its attendant weight, was pushed into and against the fence and caused the damage. The claimant testified that he had obtained an estimate in the amount of $595.68 for the repair of his fence.
Claimant testified that the snow removal was conducted by employees of respondent and its authorized personnel. Upon being asked what he meant by authorized personnel, the claimant testified that he was referring to one Raymond Dalton, who was a neighbor of his, engaged in the timber business but employed by respondent to assist in the snow removal. The claimant was unable to state that any of respondent’s employees were directing Dalton’s activities. Fred Siegwarth, a general foreman for respondent, testified that Dalton had been hired by respondent to assist in the heavy snow removal because he had the necessary equipment, unavailable to respon *66 dent. He further testified that no personnel of respondent worked with Dalton, nor was he supervised by personnel of respondent.
Whether. the damage to claimant’s fence was caused by respondent’s employees or by respondent’s independent contractor, Raymond Dalton, we are of the opinion, based on this Court’s reasoning in the claim of Hubbs vs. Dept. of Highways, Claim No. CC-77-83, that the liability for the damage rests upon respondent. We therefore make an award in favor of claimant in the amount of $595.68.
Award of $595.68.